## THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* MAIDEN.

The act of *March* 1, 1853 (Acts, p. 113), providing compensation to the owners of animals killed or injured by the cars, &c., of railroad companies, is more for the benefit of the public—to guard against injury to passengers—than for the benefit of the owner of the animal.

Thus, such owner might be passively a wrongdoer, by suffering his animal to run at large, and yet recover.

Hence, the company cannot divest itself of responsibility by making private contracts with the landholders along their road, by which the latter separately agree to make and keep up fences.

*Monday,*
*May 23.*

APPEAL from the *Lawrence* Circuit Court.

HANNA, J.—This was a suit for an animal killed by the cars of the company. Judgment for the plaintiff.

The objections to the judgment all fall within the reasoning of the case of the same appellant v. *Tilton*, decided at this term; and all of the points herein raised are directly decided in that case, with the exception of one. That point is presented upon the attempt which was made to show that a claim had been preferred by the plaintiff for damages for the construction of the road through his lands, included in which claim was the necessity of making additional fences.

May Term, 1859.

THE NEW ALBANY, &c., RAILRO'D Co.
v.
MAIDEN.

The evidence does not show directly that the animal was killed on the same land upon which damages had been assessed, nor does it show the payment of such assessment. But passing over that, we are of opinion, as indicated in the case above referred to, that the statute is more for the benefit of the public—to guard against injury to the citizen—than it is for the protection or benefit of the owner of the animal. Indeed, the owner of the animal might be passively a wrongdoer, by suffering his animal to run at large, and yet recover. The law does not prescribe the payment, by the road to the owner, of the value of the animal, because of his abstract right to that sum where he is thus a wrongdoer, but because it is supposed to be as effectual a mode as any that can as yet be devised to compel the exercise, by the road, of all reasonable care to insure the safety of passengers, included in which, is the adoption of such means as will prevent the cars from coming in collision with animate objects, involving not alone the destruction of such object, but most likely a great loss of human life, followed in many cases by angry, and sometimes malicious passions, engendered by the destruction of such property, and which might lead to further serious disaster, unless the value thereof is accounted for to the owner.

In this view of the statute, the road could not divest itself of responsibility by making private contracts with the numerous landholders along its route, by which they should separately agree and bind themselves to make and keep up fences. See authorities referred to in *The New Albany and Salem Railroad Co.* v. *Tilton*, at this term (1).

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*W. G. Cooper,* for the appellants.

*J. Baker,* for the appellee.

(1) The next preceding case.