THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY v. LOWE.

RAILROADS.—FENCES.—A railroad company may lawfully fence, across a private way, maintained by the owner of the land for his own use, and failing to do so, is liable for killing stock at such a crossing.

SAME.—This would not be so in the case of a private way established under the statute for the use of one over the lands of another.

APPEAL from the *Ohio* Common Pleas.

ELLIOTT, J.—Suit against the railroad company to recover the value of a cow killed by a train on the railroad, at a place where the road was not securely fenced.

There was a trial, on an answer of the general denial, resulting in a finding and judgment for the plaintiff. A motion for a new trial was overruled, and the ruling excepted to. Two errors are assigned. 1. On sustaining a demurrer to the fourth paragraph of the answer. 2. Overruling the motion for a new trial, because the finding is contrary to the evidence.

The fourth paragraph of the answer alleges that the cow was suffered and permitted to run at large by the plaintiff, "and while so running at large she went upon a certain private way, or road, upon the lands of one *Timothy Guard*, where the same crosses the railroad track, which said way or road was used by the said *Timothy Guard* and others for their convenience in passing from a public highway to the house of said *Guard*, and also into large cultivated fields on the east side of said road," and while on said way and crossing was struck by the engine of the defendant and killed.

It was held in the *Indiana Central Railway Co.* v. *Leamon*, 18 Ind. 173, that if stock be killed by a train on a railroad, at a mere private road crossing, which the company might legally fence, but has failed to do so, the company is liable. This ruling is not applicable to a case where one person has a private way over the lands of another, established in,

VOL. XXIX.—35

accordance with the statute, for the reason that the company would have no right to fence across such private way;. but here, the fourth paragraph of the answer does not; as we understand it, show such an one. The way described. seems only to be the private passway of the owner of the land from his house across his lands to a public highway, across which the railroad company might lawfully fence, and the demurrer was therefore properly sustained.

The same question is presented on the evidence, by the motion for a new trial. The evidence shows that the cow was killed on *Guard's* private crossing of the railroad, where there was no fence. The motion for a new trial was properly overruled.

The judgment is affirmed, with five per cent. damages and costs.

*D. S. Major* and *O. B. Liddle*, for appellant.

*G. B. Fitch*, for appellee.