The Cincinnati, Hamilton and Indianapolis Railroad Company *v.* Ridge.

---

THE CINCINNATI, HAMILTON AND INDIANAPOLIS RAILROAD
COMPANY *v.* RIDGE.

PRACTICE.—*Pleading.*—*Demurrer.*—*Action Commenced Before a Justice.*—In an action commenced before a justice of the peace, there is no available error in the sustaining of a demurrer for want of sufficient facts to an answer consisting of the general denial and a special plea, which does not embrace matter of set-off, in abatement or the statute of limitations.

EVIDENCE.—*Justice of the Peace.*—*Action Commenced Before.*—Upon the trial of an action commenced before a justice of the peace, all matter of defence, except the statute of limitations, set-off and matter in abatement,

may be given in evidence, not *under* the general denial, but, under the statute, without plea, either in such justice's court or on appeal therefrom to the circuit court.

RAILROAD.—*Killing Stock.*—*Fence.*—*Covenant of Third Party to Maintain Fence.*—On the trial of a suit against a railroad company to recover the value of the plaintiff's animals killed by the defendant's train of cars, the evidence established that said animals were so killed, on the defendant's railroad, at a point where it was not, but ought by law to have been fenced, and on the land of one whose grantor thereof had formerly, by a proper instrument and for a valuable consideration, granted to the defendant's predecessor the right of way, and had therein and thereby covenanted to build a good fence along said road, sufficient to prevent stock from entering thereon, and that he and his heirs and assigns would forever maintain the same in good repair.

*Held,* that, even if such covenant was binding upon such covenantor's assigns, the defendant was not thereby relieved from liability for the value of the animals so killed. (The case of the *I., etc., R. R. Co.* v. *Adkins,* 23 Ind. 340, doubted.)

From the Union Circuit Court.

*A. M. Sinks,* for appellant.

*J. Yaryan* and *J. L. Yaryan,* for appellee.

WORDEN, C. J.—This was a complaint in the usual form, by the appellee against the appellant, for killing the plaintiff's stock, (hogs,) by the locomotive and cars of the company upon its road, where it was not fenced.

The action was brought before a justice of the peace, where the defendant filed an answer of two paragraphs, viz.:

    1.   General denial; and,

    2.   Special matter.

A demurrer for want of sufficient facts, which was, doubtless, intended to be addressed to the second paragraph, but was in form addressed to the whole answer, was sustained by the justice, and such proceedings were had before him as that judgment was rendered for the plaintiff; and, on appeal to the circuit court, the demurrer was again sustained, and a judgment rendered for the plaintiff.

The appellant contends that the second paragraph of the answer was good, but that, whatever the law may be

as to that, it was error to sustain the demurrer to the first paragraph, the general denial.

We are of opinion that no available error was committed in sustaining the demurrer to either or both paragraphs, because the defendant was not injured thereby; and this without inquiring into the validity of the second paragraph.

In actions before justices of the peace "All matter of defense, except the statute of limitations, set-off, and matter in abatement may be given in evidence without plea; * * * " and not *under* the general denial as has been, in one instance, inadvertently stated. "*Provided,* That the execution of a written instrument, or any assignment thereof, sued on, shall not be denied, except by special plea, verified by affidavit." 2 R. S. 1876, p. 612, sec. 34. The special plea in this case did not set up the statute of limitations, set-off, or matter in abatement, nor did it controvert the execution of any written instrument.

The matter set up by the special plea, and all matters that could have been given in evidence under the general denial, were admissible in evidence, without any pleading whatever on the part of the defendant. And the same rule applied on the trial of the cause in the circuit court. *Bernhamer* v. *Conard*, 45 Ind. 151.

We have a large number of cases holding that it is a harmless error to sustain a demurrer to a good paragraph of complaint, answer or replication, where all the facts alleged therein are admissible under some other paragraph remaining in the record. See cases collected in Buskirk's Practice, p. 284. It can make no difference, in principle, whether the matter could be given in evidence under some other pleading in the record, or, as in this case, without any pleading at all.

It was agreed by the parties, that the hogs entered upon the road and were killed upon certain land which formerly belonged to one Benjamin F. Strong, who, in 1854, by a proper instrument in writing, and for a valuable consid-

eration, granted to the Junction Railroad Company, the predecessor of the defendant, the right of way through the land, and covenanted "to build a good fence on each side of the railroad through said farm, said fence to be sufficient to prevent cattle and stock from getting on said railroad; said fence to be completed within six months after regular trains shall be run on said railroad; and I and my heirs and assigns are to keep said fence, on the east side of Richland creek," (where the hogs entered,) "forever in good repair."

It is contended by counsel for appellant that Strong's covenant to keep the fence in repair, thus binding his heirs and assigns, was a covenant that ran with the land, and that his assignee was bound to keep the fence in repair; and, therefore, that the appellant was not liable for killing the plaintiff's hogs, though the covenant was broken and the fence not built or kept in repair.

We come to a different conclusion. We do not think the conclusion of counsel follows the premises. Conceding, without deciding, that the covenant ran with the land, and that the heirs or assigns of Strong would be bound to build or keep the fence in repair, as between them and the railroad company, we do not see how that would affect the plaintiff, or deprive him of his right to look to the railroad company for the value of his hogs. If the covenants ran with the land, the case is as if the appellant had made a contract with the present owner of the land, by which he was to make and keep up the fence, which he had failed to do.

If railroad companies could screen themselves from liability for stock killed upon their roads where they are not fenced, by showing that they had made contracts with some one to fence the road, though the contracts were not performed, the statute would be virtually abrogated. The statute making railroad companies liable for stock killed does not say that the act shall not apply to any railroad company that has made contracts for the fencing of its

road, but it does say that it "shall not apply to any railroad securely fenced in, and such fence properly maintained by such company," etc. 1 R. S. 1876, p. 751, sec. 7.

In the case of *The New Albany, etc., R. R. Co.* v. *Maiden,* 12 Ind. 10, it was held that "In this view of the statute, the road could not divest itself of responsibility by making private contracts with the numerous landholders along its route, by which they should separately agree and bind themselves to make and keep up fences."

In *The Terre Haute, etc., R. R. Co.* v. *Smith,* 16 Ind. 102, it was held, that where the party whose stock was killed had himself agreed with the company to make and keep up fences, which he had failed to do, he could not be heard to complain that the road was not fenced; that as to him the railroad company should be regarded as having done its duty, and that as to him the road should be regarded as fenced. This reasoning, however, does not apply in any degree to one who has never taken upon himself any obligation to fence the road or maintain the fence.

In *The Indianapolis, etc., R. R. Co.* v. *Shimer,* 17 Ind. 295, it was held, that where a railroad company has securely fenced its road, except in certain places, where the owner of the land is permitted to erect draw-bars or gates, for his own convenience in crossing the railroad, and, by reason of the neglect of the land-owner to maintain such bars or gates, his stock passes upon the railroad track and is killed, the company is not liable to him for the damages. This depends upon the same principle as the case in 16 Ind., above cited. There was an obligation upon him whose stock was killed, to keep the gates or bars in repair.

It was also held that the tenant of the land-owner, using the crossing or way, would stand in the same situation as his landlord. This would be so, because, when he occupied the land and used the crossing, he would be under the same obligation to keep the gate or bars in repair as was his landlord.

The case of *The Indianapolis, etc., R. R. Co.* v. *Adkins*, 23 Ind. 340, goes further. It was there held that "if bars are erected in a line of a railroad fence, at the instance and for the accommodation of the owner of the land, the responsibility of keeping them up devolves on him, and if he neglect to do so, and his stock passes through the bar-way on to the line of the railroad, and is killed, he can not recover therefor against the railroad company." This is in accordance with the two cases previously cited, and rests upon the same ground, viz.: the obligation, resting upon the owner of the stock killed, to keep the fence or bars in order.

But the case decides another proposition, viz: "that if, in such case, the animals of a third person should trespass on the lands and inclosure of such owner, and pass through the bars so erected for his use and accommodation, on to the railroad track, and be killed by the train, the owner of such cattle could not recover."

We doubt the correctness of the last proposition. It amounts to this: that where animals, belonging to one man, trespass upon the land of another lying along the side of a railroad not securely fenced, the owner of the land being under an obligation, but failing, to fence, and stray upon the railroad track and are killed, the company is not liable.

The fact that animals are trespassers, either on the railroad track, or on the land from which they pass to the railroad track, is no defense to an action under the statute.

We are of opinion that, in the case before us, the appellant is liable for the stock killed, and that the judgment below must be affirmed.

The judgment below is affirmed, with costs.