### THE BALTIMORE, PITTSBURGH AND CHICAGO RAILWAY CO., INDIANA DIVISION, v. JOHNSON.

KILLING STOCK.—*Fence.*—*Damages.*—In an action for damages by the owner, against a railroad company, for stock killed at a point where the road was not, but should have been, fenced, an answer, alleging that, in awarding damages for the taking of plaintiff's land, a sum had been allowed for the fencing of the land, is bad on demurrer. Such an award leaves it to the option of the land-owner to fence his land, about which he may consult his own convenience. It is still the duty of the road to the public to keep the road fenced, and this duty to the public is the object of the law.

From the Porter Circuit Court.

*S. I. Anthony*, for appellant.

*T. J. Merrifield* and *W. Johnston*, for appellee.

WORDEN, J.—This was an action by the appellee against the appellant, to recover the value of a horse and an ass, the property of the plaintiff, alleged to have been killed by the engine and cars of the company, upon its road where it should have been, but was not, fenced.

The defendant answered, secondly, in substance, that, before the construction of its road at the place where the

horse and ass were alleged to have been killed, the defendant had, by proper proceedings, acquired, by condemnation, the right of way through the plaintiff's land; that appraisers had been duly appointed to assess the plaintiff's damages caused by the construction of the road, who had awarded said damages, including therein, for fencing the land, the sum of $500, and that the plaintiff had notice thereof and accepted said damages; that the place where the horse and ass were killed was on the land in respect to which the damages had been thus assessed and accepted, and that the horse and ass were killed in consequence of the plaintiff's negligence in failing to make the necessary fences, and not by the fault of the defendant.

A demurrer for want of sufficient facts to this paragraph of answer was sustained, and the defendant excepted.

Such further proceedings were had as that final judgment was rendered for the plaintiff.

The principal error on which the appellant relies for a reversal is the ruling on the demurrer.

We are of opinion that the matter set up in the paragraph of answer was no bar to the action, and, consequently, that no error was committed in sustaining the demurrer. The point involved was expressly decided in the case of *The New Albany and Salem R. R. Co.* v. *Maiden*, 12 Ind. 10.

It may be regarded as settled, that the owner of stock killed by the engine or cars of a railroad company upon its road, where such owner has bound himself by contract with the company to keep the road properly fenced, can not recover of the company, under the statute. In such case, the owner has taken upon himself the burden of keeping the road properly fenced, and he can not be heard to complain of the want of a fence. The cases upon this point need not be here cited. But the case in judgment stands upon somewhat different ground. Here is no contract except what might be implied from

receiving the money awarded as damages, including the amount allowed for fencing. This did not bind the appellee to build any fences at all. It was at his option whether he should build any or not. His convenience in the use of his land might require him to fence it from the railroad; but this he might forego. Still, the duty which the railroad company owed to the public to keep its road fenced, as a precautionary measure conducing to public safety, rested upon it, while it had taken no measures binding upon any one to construct the fences.

The cost of constructing and maintaining additional fences, made necessary for the proper use and enjoyment of a farm.by reason of the construction of a railroad thereon, is a proper item of damages to be awarded the land-owner. *Grand Rapids and Indiana R. R. Co.* v. *Horn*, 41 Ind. 479. Whether the report of the appraisers names the fencing as part of the damages assessed or not, it would have to be presumed that they included the fencing, if they deemed the land-owner entitled to any thing on that ground. Evidence, it would seem, could not be gone into to determine whether any thing was or was not allowed for fencing.

The result would be, if the paragraph of answer were to be held good, that, in all cases where land has been condemned for railroad purposes, and damages assessed and paid, the owner of the land might find it difficult to recover for stock killed upon the road running through his land where it was not fenced, because it would have to be presumed that he had got whatever damages he was entitled to for the fencing made necessary. This, we fear, would, in many instances, be doing violence to the facts, and it would tend to the subversion of the law, the object of which was more to secure safety to the public in the operation of railroads, by keeping stock off the track by proper fences, than to remunerate those whose stock might be killed where the roads are not fenced.

The judgment below is affirmed, with costs.