The Indianapolis, Peru and Chicago R. R. Co. v. Collingwood.

———◆——

The Indianapolis, Peru and Chicago R. R. Co. v. Collingwood.

No. 7078.

Supreme Court.—*Evidence.—Verdict.*—Where there are circumstances strongly supporting the verdict of a jury, the Supreme Court will not disturb such verdict.

Circumstantial Evidence.—It is only necessary in civil cases, that the circumstantial evidence should agree with and support the hypothesis which it is adduced to prove.

From the Marion Superior Court.

*D. Moss,* for appellant.

*J. W. Harper,* for appellee.

ELLIOTT, J.—This case has been twice tried by a jury, and is in this court for the second time. *Collingwood* v. *The I., P. & C. R. W. Co.,* 54 Ind. 15. Both trials resulted in verdicts against the appellant. In the last trial the jury returned, with the general verdict, an answer to an interrogatory propounded by appellant, in which they find that the horse of plaintiff was killed by coming in actual contact with the locomotive and cars of appellant. The appellant insists, that, under the case of *The Ohio, etc., R. W. Co.* v. *Cole,* 41 Ind. 331, this judgment must be reversed, because it does not appear that the horse, for the killing of which appellee sues, was killed by contact with the locomotive or cars of appellant. There is much conflict in the evidence, and the positive testimony of one witness at least is directly in favor of the appellant's theory, but there are circumstances very strongly supporting the verdict of the jury. A case of this character may, of course, be made out entirely by circumstantial evidence, and with both positive and circumstantial evidence before them, the jury must determine upon its weight and force, and it is not for us, except upon very strong reasons, to disturb their verdict. It is only necessary in civil cases, that the circumstantial evidence should "agree with and support the hypothesis which it is adduced to prove," and, to quote again from Prof. Greenleaf, "it is not necessary that the minds of the jurors be freed from all doubt; it is their duty to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth." 1 Greenl. Ev., sec. 13 *a.*

Judgment affirmed, at costs of appellant.