˙No. 7533.

## THE CINCINNATI, HAMILTON AND INDIANAPOLIS RAILROAD COMPANY *v.* HILDRETH.

RAILROAD.—*Killing Stock.*—*Fence.*—*Public Duty.*—The owner of stock killed upon a railroad is permitted to recover from the railroad company, because the recovery will tend to secure the discharge of a public duty, imposed by law, to fence its road.

SAME.—*Release.*—*Cattle-Guards.*—*Damages.*—An obligation, in aid of the construction of a railroad, to grant the right of way through the owner's land, "the company putting in six cattle-guards as its only obligation," does not bind him to fence the road, and is not a release of damages for stock killed on the land. The company can not avail itself of such an obligation as an exemption from the statutory liability.

From the Rush Circuit Court.

*A. M. Sinks* and *J. W. Study*, for appellant.
*L. Sexton, C. Cambern* and *G. W. Sleeth*, for appellee.

MORRIS, C.—The appellee sued the appellant to recover for two horses alleged to have been killed on the appellant's road, at a point where the same should have been, but was not, fenced.

The appellant answered the complaint in three paragraphs. The first was a general denial.

The second paragraph of the answer states that the injury to the horses occurred at a point on the road where it runs through the lands, in Rush county, Indiana, owned by Jefferson Helm; that its right of way for its road over the land of said Helm was granted by said Helm to the Junction Railroad Company, of which the appellant was the legal successor. He, said Helm, released said Junction Railroad Company from all liability for not fencing said railroad where it runs through said land of said Helm, upon condition that said company would put in six cattle-guards on the land of said Helm; that said company did put in said guards, and said Helm executed a written release to the said company of all liability for the injury or killing of said stock

The Cincinnati, Hamilton and Indianapolis Railroad Co. v. Hildreth.

at any point on said railroad track on his said lands; that the grant of the right of way was recorded in the proper record of said county, on the 26th day of March, 1870. A copy of this release is filed with the complaint. That the cattle-guards were in good condition at the time the horses were injured; that the horses injured were at the time being pastured on the said land of said Helm by the appellee, as the tenant of said Helm; that they got upon said track where the road runs through said land of said Helm. Wherefore the appellant demands judgment.

Copy of release filed with answer:

"CONNERSVILLE, November 25th, 1864.

"For the purpose of providing means to aid in the construction of the Junction Railroad, and in consideration thereof, I promise to pay, on the arrival of the first train of cars on said road at Rushville, to the order of the said Junction Railroad Company, at the Bank of the State of Indiana, the sum of two hundred dollars and the right of way through my land, the company putting in six cattle-guards as its only obligation in regard to fencing, without any relief from valuation or appraisement laws.

"'JEFFERSON HELM.''

The third paragraph of the answer is like the second, with the exception that it avers that the appellee had actual notice of the release.

The appellee demurred to the second paragraph of the answer, and replied to the third; the court sustained the demurrer to the second paragraph; the cause was submitted to the court for trial; the court found for appellee; the appellant moved for a new trial; the motion was overruled, and judgment rendered for the appellee. The rulings of the court upon the demurrer and the motion for a new trial are assigned as errors.

The release set up as a part of the second paragraph of the answer did not bind Helm to fence the appellant's road.

The law imposed upon the appellant the duty of fencing its road for the safety and protection of the public. It was not competent for Helm, with the view of aiding the company in the construction of its road, as expressed in the paper filed with the answer, to release it from the duty imposed by the law. It is a gratuitous statement of Helm's, that he will, in the language of the release, in order to aid the company in the construction of its road, convey it the right of way, the company putting in six cattle-guards as its only obligation in regard to the fencing of its road. The six cattle-guards were not to be put up as the consideration paid by the company to Helm for his assumed discharge of the company from its obligation to fence its road, but as the consideration for the right of way over his land. Helm did not agree to fence the road. No obligation of the kind is expressed or implied in the writing which he gave the company. The case falls clearly within the principles discussed and decided in the cases of *The Baltimore, etc., R. W. Co.* v. *Johnson*, 59 Ind. 188, and *The New Albany, etc., R. R. Co.* v. *Maiden*, 12 Ind. 10. The company can not avail itself of this pretended exemption as a defence to the appellee's claim.

The reasons for a new trial are, that the finding of the court is contrary to law, and not supported by sufficient evidence.

We have examined the evidence, and think it tends strongly to make out the case, and to sustain the finding of the court. The objection urged to the finding of the court is, that the evidence shows that the animals were injured on that portion of the appellant's road which passes over the land of Helm, and that they got upon the road on said land, while kept upon the same by the appellee as the tenant of Helm. Granting this, we think the appellant was liable, for the reason that it was its duty to fence its road through the land of Helm. The appellee is permitted to recover, not

because he was without fault, but because the recovery will tend to secure the discharge of a public duty imposed by law upon the appellant. Helm does not agree to fence the road. He simply says that the only thing which he requires of the road is six cattle-guards; that he will convey the right of way without any obligation to fence the road. This imposed no duty upon Helm as to the fencing of the road through his land; much less did it impose any burden upon the land itself which the lessee of Helm would be bound to discharge. It may be admitted that the tenant is bound to discharge all such duties as are lawfully imposed upon the land itself for the benefit of others, but here no duty was imposed upon the land.

We think there is no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.