No. 9966.

THE INDIANAPOLIS, PERU AND CHICAGO RAILWAY COMPANY v. THOMAS.

RAILROAD.—*Killing Stock.—Private Crossing.—Contract of Land-Owner to Maintain Fence.—Case Overruled.*—A railroad company is bound by statute to fence its track where a private way crosses it, and can not, in a suit for the value of stock killed by its cars on account of the failure to so

The Indianapolis, Peru and Chicago Railway Company v. Thomas.

maintain a fence, escape liability by showing a contract with the adjacent land-owner to maintain a fence at such crossing, the owner of the stock not being a party to such contract. *Indianapolis, etc., R. R. Co.* v. *Adkins*, 23 Ind. 340, overruled.

SAME.—*Circumstantial Evidence.*—It is not necessary in such suit that it should be shown by direct evidence that the stock was killed by the company's cars. It is sufficient if there are circumstances shown from which that fact may be fairly and justly inferred.

From the Howard Circuit Court.

*J. O'Brien* and *C. C. Shiveley*, for appellant.

*M. Bell* and *W. C. Purdum*, for appellee.

ELLIOTT, J.—The controlling question in this case is, whether a railroad company is bound to fence its track at a point where a private right of way leading from an adjacent public highway crosses it. The evidence shows that a public highway ran parallel with the appellant's track, and that from it a private way extended across the track and through the farm of James H. Martin. The contention of the appellant is, that it was not bound to securely fence this way, but had fully performed its duty by providing suitable cattle-guards, and properly placing them on the sides of the private way.

Our statute is very broad in its terms, and makes no exceptions, but, if taken literally, imposes upon railroad companies the duty of making fences everywhere along the line of its track. The court, however, recognizing the absolute impracticability of giving literal effect to the words of the statute, and perceiving the disastrous results which would follow from giving the statute a strict and rigid construction, has declared that there are places where the railroad company is not bound to fence. Thus it is held that public streets, alleys, and the like, need not be fenced. *Indiana Central R. W. Co.* v. *Gapen*, 10 Ind. 292; *Indianapolis, etc., R. R. Co.* v. *McKinney*, 24 Ind. 283; *Indianapolis, etc., R. R. Co.* v. *Warner*, 35 Ind. 515. So it has been held that railroad companies are not bound to fence along their stations, side-tracks, or switches where freight or passengers are received or discharged. *Indianapolis, etc., R.*

*R. Co.* v. *Christy*, 43 Ind. 143. *Pittsburgh, etc., R. W. Co.* v. *Bowyer*, 45 Ind. 496, carries the exceptions farther than any other case, but even there it will be found that the opinion, meager as it is, proceeds upon the theory that the place where the animal got upon the track was along a switch used for receiving and discharging freight.

The cases which except certain places from the operation of the statute will be found to proceed upon the theory that public interest would be prejudiced by enclosing the track. This is true even of those cases which hold that the company is not bound to fence where it would interfere with the operation of its road; for the exception is made because the general public have an interest in the proper operation of such great means of traffic and transportation, and not because the interests of the railroad corporation will be promoted. The recent cases plainly show that the interest of the railroad corporation is not a sufficient ground for creating exceptions to the statute. *Pittsburgh, etc., R. W. Co.* v. *Laufman*, 78 Ind. 319; *Indianapolis, etc., R. R. Co.* v. *Lindley*, 75 Ind. 426.

A private way is not one in which the public have an interest, and closing it by a fence or gate can affect only the person to whom it belongs. We are unable to see any principle upon which railroad corporations can be absolved from the duty to fence such a way. If they are relieved from fencing any private way, where can any line be drawn? for there are many kinds of private ways, differing in size and character, but all agreeing in the one particular, that in them the public have no interest. We think the decision in *Indiana, etc., R. W. Co.* v. *Leamon*, 18 Ind. 173, is decisive of the present case, for a private way is nothing more than a private crossing. In *Indianapolis, etc., R. R. Co.* v. *Lowe*, 29 Ind. 545, the case referred to is really approved and its principle carried out, but a qualification is added that if the private way was established in accordance with the statute, the company would not be bound to fence. This qualification is without force, for it is well settled that a private way can not be acquired

by condemnation proceedings professedly taken under the right of eminent domain, as it is only for public purposes that private property can be condemned. The statute attempting to authorize the seizure of property for private purposes is unconstitutional.

A railroad company can not escape the performance of the duty devolved upon it by law by showing a contract with an adjacent land-owner to maintain the fence. This is so expressly decided in *Cincinnati, etc., R. R. Co.* v. *Ridge,* 54 Ind. 39. There are cases holding that the person who contracts with the railroad company, and fails to perform his contract, precludes himself from maintaining an action, and this we think a correct conclusion. *Terre Haute, etc., R. R. Co.* v. *Smith,* 16 Ind. 102; *Indianapolis, etc., R. R. Co.* v. *Shimer,* 17 Ind. 295. But the rule laid down in these cases by no means leads to the conclusion that such a contract will deprive a man, who is a stranger to it, of the right conferred upon him by law to sue the railroad company, and drive him to an action against the person with whom the company contracted. A man can not be deprived of his law-given right by a contract to which he is a stranger. *Gilman* v. *European, etc., R. W. Co.,* 60 Me. 235. It is true that in *Indianapolis, etc., R. R. Co.* v. *Adkins,* 23 Ind. 340, a different doctrine is declared, but the doctrine there held is unsound in principle, in conflict with the case of *New Albany, etc., R. R. Co.* v. *Maiden,* 12 Ind. 10, and completely overturned by the case of *Cincinnati, etc., R. R. Co.* v. *Ridge, supra.*

There is no direct evidence showing that the appellee's horse was killed by appellant's cars, but there are circumstances from which that fact may be fairly and justly inferred. In civil cases it is sufficient if the circumstantial evidence is consistent with, and fairly sustains, the hypothesis of the plaintiff. *Indianapolis, etc., R. R. Co.* v. *Collingwood,* 71 Ind. 476.

Judgment affirmed.