No. 10,275.

## The Baltimore, Ohio and Chicago Railroad Company v. Kreiger.

PLEADING.—*Sufficiency of Complaint.*—*Defective Allegations of Fact.*—*Failure to Object Below.*—*Defects Cured by Verdict.*—*Supreme Court.*—Where the sufficiency of the complaint, or of any of its averments, is not called in question in the trial court, either by demurrer or by motion, and the complaint, though defective in some of its averments, states facts sufficient to render the judgment thereon a bar to another suit for the same cause of action, such defects are cured by the verdict, and can not be made available for the reversal of the judgment by an assignment of error, in the Supreme Court, that the complaint does not state facts sufficient to constitute a cause of action.

RAILROAD TRACKS.—*Secure Fences.*—*Animals Killed or Injured.*—*Private Way.*—Under section 4025, R. S. 1881, a railroad corporation is liable for stock killed or injured by its locomotives, cars or other carriages run on its road, unless it be shown that the road was securely fenced in, and the fence properly maintained, by the company or other person running the same, at the point where the stock entered upon the road; and the fact that the stock entered upon the road through an open gate at a private crossing will not exempt the corporation or other person from such liability.

From the Porter Circuit Court.

*H. Newbegin, B. B. Kingsbury, A. L. Jones, M. L. De Motte,* for appellant.

*W. Johnston,* for appellee.

HOWK, J.—This was a suit by the appellee to recover the value of two mare colts which were run over and killed by the appellant's locomotive, and where its road was not securely fenced. The cause was put at issue and tried by the court, and, at appellant's request, the court found the facts specially, and stated its conclusion of law thereon, in substance, as follows:

"*First.* That the plaintiff was, in November, 1880, the owner of two colts, of the value of $120.

"*Second.* That, at said time, the defendant owned and operated a railroad in Porter county, Indiana, and through the lands of one Miller; that defendant permitted said Miller to maintain a private crossing over its right of way and track to enable him the better to pass from his tracts of land adjoining on either side thereof; that the right of way and track of the defendant was securely fenced, except at the point where said private crossing was maintained, at which place substantial gates were erected.

"*Third.* That the plaintiff is the owner of land adjoining the land of Miller, and between them they maintained a partition fence in fair condition and about four feet in height, through which partition fence the colts escaped from plaintiff's fields to the land of said Miller, without fault or negligence on the part of the plaintiff, and from the land of Miller to the railroad track of the defendant, through the gate at said private crossing, which at the time had negligently been left open by Miller, and that then and there the colts were killed by defendant's train of cars; that the land of Miller, over which the colts passed, was fenced on three sides, and a portion thereof cultivated, and one side was unfenced and open to the public commons."

As a conclusion of law, "The court concludes that, as against the plaintiff, the road of the defendant ought to have been securely fenced, but was not, and that the defendant is liable for the value of said animals, and plaintiff should have judgment therefor."

Over the appellant's exception to its conclusion of law, the court rendered judgment for the appellee.

In this court the appellant has assigned errors as follows:

1. The complaint does not state facts sufficient to constitute a cause of action; and,

2. The court erred in its conclusion of law.

Of the first error the appellant's counsel say: "The gist of the action, and the only part of the complaint upon which evidence seems to have been adduced, is as follows: 'That, at a place where by law the defendant was compelled to fence its railroad, but which was not done, and a gate was left open so that the colts could and did enter upon the railroad without hindrance, the same not being on station-grounds or at any crossing,' there being a statement that they were killed by a train of cars on defendant's road. This is the particular statement of the insufficiency of the fence, and we submit it is not a sufficient statement, within the meaning of the decisions of this court." This is the only objection to the complaint pointed out by counsel, and it is made for the first time in this court. The objection comes too late, even if it were well taken. After judgment and on appeal, it must be held that defective allegations of fact are cured by the finding or verdict. *Donellan* v. *Hardy*, 57 Ind. 393; *Smith* v. *Freeman*, 71 Ind. 85; *Cox* v. *Albert*, 78 Ind. 241.

Under the second error, it is insisted that the court erred in its conclusion of law, because the court had found as facts that appellant's right of way and track were securely fenced, except at the point where the private crossing was maintained, at which place substantial gates were erected. In discussing this point the appellant's counsel say: "Now, there is no finding that the gate was out of repair, but the court finds that this 'substantial gate' had been negligently left open by Miller, whose land the road at this point abutted, and for whose convenience this gate seems to have been made. There is no finding as to the time during which the gate was

left open, nor is there any finding that the defendant had any notice of this fact, and the presumption must then be that the gate was left open without any knowledge on the part of the defendant; and we submit that there is no sufficient finding of facts going to show that the defendant was guilty of any negligence in allowing this deficiency in its fencè to remain after notice of such deficiency." In support of their position and argument counsel cite the case of *Indianapolis, etc., R. R. Co.* v. *Adkins*, 23 Ind. 340; but they admit that the doctrine of the case cited was doubted by this court in the more recent case of *Cincinnati, etc., R. R. Co.* v. *Ridge*, 54 Ind. 39. We think that the case relied upon by counsel is more than doubted, in effect at least, in the later case, and it must now be regarded as overruled by the doctrine enunciated in *Indianapolis, etc., R. W. Co.* v. *Thomas*, 84 Ind. 194. Under the statute of this State and the decisions of this court, the true rule is this: Whenever and wherever a railroad company can fence in its road without injury or obstruction to its own business and to public rights or easements, it must securely fence in its road, or it must be held liable in damages for any and all animals killed or injured, for the want of such fence, by its locomotive or cars upon the line of its railroad. Thus, in *Indiana, etc., R. W. Co.* v. *Leamon*, 18 Ind. 173, it was held that if stock is killed by a railroad company, at' a mere private road crossing, which was not securely fenced by the company, but which the company might lawfully have fenced, it will be liable under the statute for the value of the stock. Section 4025, R. S. 1881.

So, also, in *Indianapolis, etc., R. W. Co.* v. *Thomas, supra,* the court said: "A private way is not one in which the public have an interest, and closing it by a fence or gate can affect only the person to whom it belongs. We are unable to see any principle upon which railroad corporations can be absolved from the duty to fence such a way. If they are relieved from fencing any private way, where can any line be

drawn? for there are many kinds of private ways, differing in size and character, but all agreeing in the one particular, that in them the public have no interest." *Indianapolis, etc., R. R. Co.* v. *Lowe,* 29 Ind. 545; section 4031, R. S. 1881.

In the case at bar, we are of opinion, that upon the facts specially found the court did not err in its conclusion of law.

The judgment is affirmed, with costs.