Filed May 16, 1885.

---

No. 11,797.

## THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY v. MOSIER.

RAILROADS.—*Killing Cattle.*—*Evidence.*—It is not necessary for the plaintiff in an action against a railroad company for killing cattle, to prove by positive evidence the place where the cattle entered, but it is sufficient if facts are proved from which the place of entry can be inferred.

SAME.—*Burden of Proof.*—The burden of proof, in an action against a railroad company for killing cattle, is on the plaintiff to show that the place where the cattle entered was not securely fenced; but where the railroad company asserts that the place was one which it was not bound to fence, then the burden is on it to establish that fact.

SAME.—*Private Crossings.*—*Fences.*—The general rule is that a railroad company is bound to fence private crossings, but this duty is not owing to the person for whose benefit the crossing is maintained.

From the Knox Circuit Court.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellant.

ELLIOTT, J.—This case is here on the evidence. The appellee was the owner of two colts which were kept in a pasture adjoining the appellant's railroad track. They escaped from the pasture, went upon the track and were killed by one of the appellant's locomotives. The pasture was owned and used by the appellee in common with four other persons. There were two private crossings opening from it upon the track, and these were fastened by gates. The gates were about one-half of a mile apart; the south gate was used by the appellee, but the north gate was not. The colts entered the track from the north gate and were killed not far from the crossing. The gates were good ones and were usually kept shut, and when shut the track was securely fenced.

The contention that the plaintiff in such an action as this must prove by direct evidence the place where the animals entered upon the track, can not be maintained. It is true that the place of entry is the important question, but it is not true that it must be shown by positive evidence; it is sufficient if circumstances are proved from which the fact can be legitimately inferred. *Indianapolis, etc., R. R. Co.* v. *Collingwood*, 71 Ind. 476; *Indianapolis, etc., R. W. Co.* v. *Thomas*, 84 Ind. 194; *Louisville, etc., R. W. Co.* v. *Kious*, 82 Ind. 357; *Whitewater R. R. Co.* v. *Bridgett*, 94 Ind. 216.

The plaintiff in such an action as this has the burden of showing that the place where his animals entered was not securely fenced, but, where the railroad company asserts that the place was one which it was not bound to fence, it must affirmatively establish that fact. *Ft. Wayne, etc., R. R. Co.* v. *Herbold*, 99 Ind. 91, and authorities cited; *Baltimore, etc., R. R. Co.* v. *Kreiger*, 90 Ind. 380. It was for the appellant, therefore, to show that the place where the animals of the appellee entered was one which it was not bound to fence.

The general rule is that railroad companies are bound to maintain fences at private crossings. *Indiana Central R. W. Co.* v. *Leamon*, 18 Ind. 173; *Indianapolis, etc., R. R. Co.* v. *Lowe*, 29 Ind. 545; *Cincinnati, etc., R. R. Co.* v. *Ridge*, 54 Ind. 39; *Indianapolis, etc., R. R. Co.* v. *Thomas*, 84 Ind. 194; *Baltimore, etc., R. R. Co.* v. *Kreiger, supra; Railroad Co.* v. *Cunnington*, 39 Ohio St. 327.

To this general rule there are exceptions. The duty to fence is not owing to one who has undertaken to maintain the fence, nor to one for whose benefit the private crossing is maintained. *Terre Haute, etc., R. R. Co.* v. *Smith*, 16 Ind. 102; *Indianapolis, etc., R. R. Co.* v. *Shimer*, 17 Ind. 295; *Bond* v. *Evansville, etc., R. R. Co.*, 100 Ind. 301. The decision in the case last cited controls here, for, although the appellant used the south crossing, still the north one was maintained for the benefit of those with whom he was united in interest, and it

is impossible to sever their interests. All were interested in the crossing, and no one of them can maintain an action for a loss resulting from the failure to keep the gate constantly closed. The duty of the railroad company to those for whose benefit it permits the crossing to be maintained is very different from that which it owes to other persons and the public. So far as concerns those for whose benefit the private way is maintained, its duty does not extend so far as to require it to exercise constant vigilance to keep the gate closed.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

