40    APPELLATE COURT OF INDIANA,

The Louisville, New Albany, etc., R'y Co. v. Consolidated Tank Line Co.

No. 301.

### The Louisville, New Albany and Chicago Railway Company v. The Consolidated Tank Line Company.

RAILROAD.—*Killing Stock.*—*Complaint.*—*Motion to Make More Specific.*—In a complaint against a railroad company for damages for killing a horse which had wandered upon the track, the complaint, among other things, stated that the horse entered upon the track immediately north of the city of La Fayette. A motion to make the complaint more specific as to the point where the horse entered upon the track was correctly overruled.

SAME.—*Duty to Fence Against Animals.*—*Private Crossing.*—The act of April 8, 1885 (Acts of 1885, p. 148), does not apply in cases where land separated by a right of way of a railroad company is not owned by the same person.

SAME.—*Liability for Stock Killed.*—*Duty to Make and Keep Fence in Repair.*—The acts of 1885 do not repeal the law rendering railroad companies liable for stock killed or injured by their locomotives and cars, where they do not securely fence in their railroads and properly maintain the fences.

SAME.—*Private Crossing.*—*Exception to Liability*—Railroad companies are bound to maintain fences at private crossings, as to animals entering them, except that duty is not owing to one who has undertaken to maintain the fence, nor to one for whose benefit the private crossing is maintained.

From the Tippecanoe Superior Court.

*E. C. Field* and *J. F. McHugh*, for appellant.

*J. H. Adams*, for appellee.

NEW, J.—The appellee brought this action to recover the value of a horse, which, it is alleged, went upon the appellant's railway where it was not fenced, and was killed by one of the appellant's trains.

The complaint, omitting the caption and formal conclusion, is as follows:

" The Consolidated Tank Line Company, plaintiff, complains of the Louisville, New Albany and Chicago Railway Company, defendant, and says that the defendant is, and for more than five years last past has been, a rail-

The Louisville, New Albany, etc., R'y Co. *v.* Consolidated Tank Line Co.

way corporation operating a line of railway from New Albany, in the State of Indiana, to the city of Chicago, in the State of Illinois, which said line of railroad passes through Tippecanoe county, in said first named State. That said railroad, immediately north of the city of La Fayette, in said county, and extending for a distance of two miles and more northward, during all said period of time, was not and is not now fenced in, and said railroad and its right of way is accessible to cattle, horses, and other domestic animals. That heretofore, to wit: on the 28th day of March, 1889, a horse belonging to the plaintiff, of the value of two hundred and fifty dollars, got upon said railroad and its right of way at the point aforesaid, immediately north of the city of La Fayette, where said railroad was not fenced, and said horse, while so on said railroad, was run against and over by a locomotive of the defendant, and so injured as to be utterly worthless, to the damage of the plaintiff $250, which is due and unpaid. That the point where said horse was struck and run over, was in said county of Tippecanoe."

The appellant moved the court to require the complaint to be made more specific, to wit, "to state at what particular place and point upon the defendant's railroad and right of way, the horse belonging to the plaintiff entered upon it."

This motion was overruled, as was also a demurrer to the complaint for want of facts. A general denial of the complaint was then filed, the cause submitted to a jury for trial, and a verdict returned for the appellee for the sum of $200.

Over a motion by the appellant for a new trial, judgment was given for the appellee upon the verdict.

The appellant has assigned as error the overruling of the motion to make the complaint more specific, the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial.

We do not think the court erred in overruling the motion to make the complaint more specific. It is alleged in the complaint that the horse entered upon the railroad immediately north of the city of La Fayette. This was sufficiently specific. We can see no reason why the place of entry should be more particularly stated.

The only objection urged against the sufficiency of the complaint, upon demurrer, is, that it is vague and uncertain. In what respect it is vague or uncertain, except as suggested by the motion to make more specific, is not pointed out. The complaint, in our opinion, states a cause of action. The demurrer to it was properly overruled.

Of the grounds assigned for a new trial, none are discussed by counsel, except those relating to the refusal of the court to give instruction numbered nine, asked by the appellant, and the giving by the court, on its own motion, instructions numbered eleven, twelve, and thirteen.

It is shown by the record that the railroad runs north and south at the point where the horse entered upon its track. On the west side of the railroad are enclosed lands belonging to the Northern Lake Ice Company, and which have a gateway on the side next to the railroad. Between said lands and the railroad is a roadway with no fence between it and the railroad. On the east side of the railroad, and opposite the lands already named, are lands owned by Edward Asher, Timothy Moon and the Barbee heirs, and through which the Northern Lake Ice Company had the privilege of passing. There was no fence between the lands last named and the railroad, nor between said lands and a public highway adjacent thereto, on the east. For some years the Northern Lake Ice Company had been passing from its own lands across the railroad to and over the lands situate on the east side, already referred to. There were no cattle guards, swing fences

or other means of keeping stock from entering upon said crossing.

The evidence tends to show that the horse entered upon the railroad track at and upon this crossing. The evidence, however, does not show, nor tend to show, that the horse passed through the gateway of which we have spoken, on its way to the track. It follows, therefore, that even if the route or crossing used by the Northern Lake Ice Company, could be regarded as a farm crossing, the acts of April 8th and 13th, 1885, pp. 148, 224 (Elliott's Supp., pp. 326, 327) can not afford the relief to the appellant claimed by its counsel. It is only where " the animal entered upon the track of such railroad through such gates " that the railway company is relieved of liability for the killing or injury of the animal. Section 3, act of April 8, 1885, *supra.*

In our opinion, however, the crossing in question is not such a way as is meant by said act of April 8, 1885. The Northern Lake Ice Company did not own the land on the east side of the railroad. As to the latter land, that company simply has the right, as shown by the evidence, " of passing through these by paying for the use of it." The statutes under immediate mention do not apply to cases where the lands of a party—who has a private crossing—lay wholly on one side of the railway. This has been decided by this court. *Louisville, etc., R. W. Co.* v. *Hughes*, 2 Ind. App. 68; *Wabash R. R. Co.* v. *Williamson*, 3 Ind. App. 190.

It follows from what we have said that the question of the liability of the appellant, upon the facts disclosed by the record, is in no way affected by the acts of 1885, referred to. These acts do not repeal the law rendering railroad companies liable for stock killed or injured by their locomotives and cars, where they do not securely fence in their railroads and properly maintain the fences.

The general rule, except as qualified by those acts, is,

that if railroad companies would escape liability for stock killed or injured, on account of not securely fencing their roads, they are bound to maintain fences at private crossings, as to animals entering them, except that the duty of fencing is not owing to one who has undertaken to maintain the fence, nor to one for whose benefit the private crossing is maintained. *Indiana, etc., R. W. Co.* v. *Leamon*, 18 Ind. 173; *Indianapolis, etc., R. W. Co.* v. *Thomas*, 84 Ind. 194; *Evansville, etc., R. W. Co.* v. *Mosier*, 101 Ind. 597.

The court did not err as to the instruction refused, nor as to those given. The instruction refused was asked upon the theory that, upon the facts proven, the appellant was exempt from liability by virtue of the act of April 8, 1885, *supra*, which, as we have shown, could not be. The instructions given were not in conflict with the views which we have expressed.

Judgment affirmed with costs.

Filed Feb. 18, 1892.