Gavin, J.
The appellee recovered judgment against appellant for the value of stock which had entered upon its right of way by reason of insufficient cattle guards, and was then killed by its trains.
The appellee’s right of action is founded upon section 5312, R. S. 1894, section 4025, R. S. 1881, and not upon section 5323, R. S. 1894, being the act of 1885, requiring, in direct terms, that railroad companies shall fence their lands under certain circumstances, and in default thereof, the adjoining land-owner may do so and recover the cost thereof.
Section 4 of the act of 1885,'being section 5326, R. S. 1894, expressly provides: “Nothing in this act con *108 tained shall in any manner affect or change tb e liability of railroad corporations, or of the assignees, lessees, or receiver of such corporations, for stock killed or injured upon their railroads; but such liability shall exist and be governed by laws now in force the same as if this act had never been passed.”
The liability of the railroad companies for stock killed is not, therefore, in any degree limited or lessened by the terms of said section 5323.
While they are not, by this section, compelled to fence their road through uninclosed and unimproved lands, they are, none the less, liable, under the former law, for stock killed by reason of their failure to fence their roads through such lands. Louisville, etc., R. W. Co. v. Hughes, 2 Ind. App. 68; Louisville, etc., R. W. Co. v. Consolidated, etc., Co., 4 Ind. App. 40; Ohio, etc., R. W. Co. v. Wrape, 4 Ind. App. 108; Jeffersonville, etc., R. R. Co. v. Dunlap, 112 Ind. 93.
Counsel urge the failure of the evidence to sustain the verdict, insisting that it does not show the insufficiency of the cattle guard over which the horses passed in entering upon the right of way. The cattle guard was minutely described to the jury, both as to the materials and mode of construction. It also appeared, from the evidence, that at different times a bull, a colt, two mules, a cow, a buck sheep and a cow and calf had been seen to walk over this guard, or similar ones in the vicinity of it, without any apparent injury, and without being forced across. In the light of all this evidence it was for the jury to determine the insufficiency of the guard, and we can not overthrow its determination. St. Louis, etc., R. W. Co. v. Ritz, 33 Kan. 404; 3 Wood Am. Ry. Law 1861, section 419.
In our opinion, the evidence in all things sustains the verdict.
*109 Filed Nov. 1, 1894.
Objection is made to testimony that a horse and a cow and some colts were seen to walk or pass over the guard, for the reason “that the cattle guard was not to be for a particular species of animals, but for all animals.”
. It was certainly hardly to be expected that proof would be made by one witness that all kinds of animals walked over this guard upon- one occasion. The fact that different animals, which ought to have been kept out by it, at various times crossed it apparently with ease, was a circumstance tending at least to establish its insufficiency.
Counsel protest earnestly against the action of the court in permitting witnesses to testify to seeing animals walk over a guard some three or four miles distant from the one in controversy. They insist that they ought not to be called upon to meet an issue as to a different guard involving different occasions and facts from those under consideration. The guard in controversy was a metal surface guard. There was no evidence tending to show it to be out of repair or imperfectly built. The vice, if any existed, was inherent in the plan and general makeup of the guard itself. There was evidence by other witnesses showing that the guards were similar in material and construction. If one was insufficient the other was. For this reason we are of opinion that the court committed no error in admitting the evidence.
Judgment affirmed.