Filed Feb. 20, 1895.

———————◆———————

No. 1,184.

## SCHEERER v. CHICAGO AND ERIE RAILROAD COMPANY.

DEMURRER TO EVIDENCE.— *When Should be Overruled.—Inference.*—In passing on a demurrer to evidence, if the jury might legitimately draw an inference therefrom in favor of the party demurred against (had it been submitted to them), then the demurrer should be overruled.

Scheerer *v.* Chicago and Erie Railroad Company.

RAILROAD.—*Damages for Injuries to Stock.—Sufficiency of Evidence on Demurrer.*—That the evidence in an action against a railroad company for damage to stock by reason of insufficient cattle guard, is sufficient on demurrer, see opinion.

From the Huntington Circuit Court.

*M. L. Spencer* and *W. A. Branyan,* for appellant.
*O. Gresham, J. B. Kenner* and *U. S. Lesh,* for appellee.

GAVIN, J.—The appellee's demurrer to the evidence was sustained. The exception to this ruling of the trial court constitutes the basis of this appeal. The rule of practice on demurrer to the evidence is well settled and is thus stated:

First. The court is bound to accept as true all the facts which the evidence tends to prove, and, as against the party demurring, to draw from the evidence all such reasonable inferences as a jury might draw.

Second. If there is a conflict in the evidence then the court can consider only such evidence as is favorable to the party against whom the demurrer is directed, and that which is favorable to the demurring party is deemed withdrawn. *Chicago, etc., R. R. Co.* v. *Williams,* 131 Ind. 30; *Palmer* v. *Chicago, etc., R. R. Co.,* 112 Ind. 250.

Only those inferences are to be considered which reasonably follow from the facts proved. Forced and violent inferences are not to be regarded. *Lake Shore, etc., R. W. Co.* v. *Foster,* 104 Ind. 293.

The appellee sought damages for killing his horses which strayed upon appellee's railroad at a point where it was not securely fenced.

The burden rests upon appellant to show that the road was not securely fenced. *Evansville, etc., R. R. Co.* v. *Mosier,* 101 Ind. 597.

The only ground upon which appellee's counsel base the ruling of the court below in sustaining the demurrer

is that the evidence fails to prove that the horses entered the right of way at a point where it was not securely fenced. Appellant's claim is that they crossed a cattle-guard and that it was insufficient.

As in other cases, these facts may be established not only by direct, but also by circumstantial evidence. *Evansville, etc., R. W. Co.* v. *Mosier, supra;* *Whitewater R. R. Co.* v. *Bridgett,* 94 Ind. 216; *Indianapolis, etc., R. R. Co.* v. *Collingwood,* 71 Ind. 476; *Indianapolis, etc., R. W. Co.* v. *Thomas,* 84 Ind. 194; *Albrecht* v. *Foster Lumber Co.,* 126 Ind. 318.

From the evidence it appears that appellant's horses, without his fault, escaped at night from his field about half a mile from the railroad. Thence they wandered down a highway to the railroad crossing. On the next morning two were found dead inside the right of way. One was found, cut and bruised, in a field some distance from them, with strong indications upon its body and upon the fence that it had been through the wire fence separating this field from the right of way.

There were tracks of three horses inside the company's right of way near the cattle-guard, and leading from it farther into the railroad right of way. These tracks nearest the crossing indicated that the horses were walking or trotting slowly, then after two or three hundred yards (or feet) they appeared to have run down the track to the place where they were killed by a train. There were no signs of the horses having jumped over the cattle-guard and the evidence showed they were not breachy.

The side fences along the right of way were of wire, and both they and the wing fences were sufficient and in good order, except where the one horse appeared to have passed from the right of way through the side fence, thereby damaging it somewhat. The cattle-guard at the

crossing was a "surface" guard, the Chicago and Erie standard guard, the old pit under it having been filled up because deemed dangerous. The length of the guard was given as eight or ten feet. A section of it was, in court, referred to by the witnesses and seen by the jury.

Its construction was thus made known to the jury.

Under such circumstances the jury was authorized to determine whether or not the horses passed over the guard, and the sufficiency or insufficiency of the guard. With a knowledge of the habits of animals against which these guards are intended as a protection, it was peculiarly within the jury's province to decide this question.

The jury was not bound by the statement of a witness that this guard was sufficient, but it had a right to infer its insufficiency from its members' knowledge of the construction of a surface guard, and from the fact that three horses, not breachy, passed over it upon one occasion, evidently without jumping or being forced across it. *New York, etc., R. R. Co.* v. *Zumbaugh,* 11 Ind. App. 107; *Wabash R. W. Co.* v. *Ferris,* 6 Ind. App. 30; *St. Louis, etc., R. W. Co.* v. *Ritz,* 33 Kan. 404; *Swartout* v. *New York Central etc., R. R. Co.,* 7 Hun, 571.

We by no means decide that the inference in appellant's favor is the only one which the jury might legitimately have drawn, but we are of opinion that this conclusion would have been a proper one viewing the evidence in the light most favorable to the appellant. The demurrer to it was, therefore, improperly sustained.

Judgment reversed, with instructions to overrule the demurrer.

Filed Feb. 5, 1895.