## Chicago & Northwestern Railway Company

*v.*

## James Barrie.

1. Negligence—*in railroads—keeping fences in repair.* While railroad companies will be held to a high degree of diligence in keeping their fences in good repair, they are not bound to do impossible things, nor are they required to keep a constant patrol, night and day. If, where a railroad is enclosed by a sufficient fence, a breach occurs therein by reason of the unlawful act of a stranger, and through such breach stock get upon the track and are injured, in the absence of negligence on their part, the company will not be liable, unless the accident happened after the lapse of a sufficient time for the company, in the exercise of reasonable diligence, to have discovered and repaired the breach before the injury occurred.

2.  Where stock get upon a railroad track without the fault of the company, the law requires evidence beyond the mere proof that they were injured by the engine and carriages of the company on the road, to establish a liability for such injury; there must, in such case, be proof of negligence on the part of the agents and servants of the company in charge of the train at the time the injury occurred.

3.  In an action against a railroad company to recover the value of cattle alleged to have been killed on defendants' road by their locomotive and train, it appeared the cattle could have been seen on the track by the engineer, if he had been on the lookout, for a distance of more than half a mile; there was nothing to obstruct his view, and yet, with the stock standing on the track in full view, the engineer made no effort to avoid the danger, and never slackened the speed of the train, but rushed on at a rapid rate, without any signal to give the alarm: *Held,* it was gross negligence on the part of the engineer not to stop the train in time to avoid the danger, for which the company should be held responsible, even though the cattle were upon the track without the fault of the company.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

The opinion states the case.

Messrs. HENRY & JOHNSON, for the appellants.

Messrs. DINSMOOR & STAGER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was originally commenced before a justice of the peace, by the appellee, to recover the value of stock alleged to have been killed by the locomotive and train of the appellants. A trial was had before the justice, which resulted in a judgment in favor of the appellee, and the appellants then removed the cause to the circuit court, where a trial was again had, and resulted, as before, in a judgment for the appellee.

The appellants seek a reversal of the judgment principally on the ground that the verdict in the circuit court was against the weight of the evidence, and that it was error in the court not to award a new trial.

The evidence shows, that at the place where the stock of appellee got upon the railroad track, the appellants had hitherto erected and always maintained a good and sufficient fence. The defect in the fence at the time was probably occasioned by the removal of some boards by some men who were engaged in setting poles for the telegraph company. The evidence shows that some workmen were engaged in the vicinity of the place where the stock got upon the track, and it is supposed that, for some purpose, they removed the boards from the fence, and through the gap thus made the stock got upon the track. If this is the true theory of the case, it was simply the unlawful act of strangers, for which the company would not be liable until after the lapse of a sufficient time for the company, in the exercise of reasonable diligence, to have discovered and repaired the injury to the fence. While the company will be held to a high degree of diligence in keeping their fences in good repair, they are not bound to do impossible things, nor are they required to keep a constant patrol, night and day. If their fences should be destroyed and torn down by the unlawful acts of strangers, they would undoubtedly be entitled to a reasonable time in which to discover and repair the same. *Ill. Cent. R. R. Co.* v. *Swearingen,* 47 Ill. 206; *Same* v. *Same,* 33 Ill. 289.

If the appellants are liable in this instance, it must be solely on the ground of negligence in the agents and servants of the company in running and controlling their train, by reason whereof the stock were killed. That the stock of the appellee were killed by the train of the appellants is not denied, and there is no conflict in fact in the evidence, as to the manner of the killing. The appellants produce no evidence whatever to contradict the theory of the appellee as to the manner in which the stock were killed. It is undoubtedly true, that the law requires evidence, beyond proof simply of the killing of stock on the road by the engine and carriages of the company, to create a liability for the death of the stock. There must be proof of negligence on the part of

the agents and servants of the company in charge of the train at the time. The party alleging negligence, takes upon himself the burden of making such proof. The requisite proof of negligence, on the part of the servants of the company in charge of the train at the time of the alleged injury, is not wanting in this instance. We are satisfied that there is enough evidence in the record to support the finding of the jury on that question. It is shown conclusively, that the cattle could have been seen on the track by the engineer, if he had been on the look out, for a distance of more than half a mile. The accident occurred in day light. There was nothing to obstruct his view, and yet, with the stock standing on the track in full view, the engineer made no effort to avoid the danger, never slackened the speed of the train, but rushed on at a rapid rate, without any signals, so far as this evidence shows, to give the alarm. The inevitable result of such conduct was the destruction of the appellee's property. It amounts to little less than utter and willful recklessness on the part of the engineer, dangerous alike to his employers, and to everything that might come near his train. If it be true, that the stock could have been seen on the track for the distance testified to by the witnesses, it was gross negligence, and even recklessness on the part of the engineer not to stop the train in time to avoid the danger, for which the company must be held responsible. It was the plain duty of the engineer, when he saw the stock on the track, to have slackened the speed of the train in time to avoid a collision, and not to do so, was culpable and gross negligence. *Ill. Cent. R. R. Co.* v. *Wren,* 43 Ill. 77.

It is not possible that the engineer did not know, from his familiarity with the road, that the company had always maintained a good fence at that point, and that it was something unusual for stock to be on the track in that vicinity, and this fact itself ought to have made him more careful. Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*