## The Rockford, Rock Island and St. Louis Railroad Company

### *v.*

### Thomas B. Connell.

Railroad—*liability for stock killed—negligence.* Where stock was killed by the engine of a railroad company on its track, and the road was not open for use six months prior to the killing, it was *held*, that it was incumbent on the owner of the stock to show negligence on the part of the servants of the company, before a recovery could be had against the company.

Appeal from the Circuit Court of Schuyler county; the Hon. Chauncey L. Higbee, Judge, presiding.

This was an action on the case, by Thomas B. Connell against the Rockford, Rock Island and St. Louis Railroad Company, for the killing of a mule of the plaintiff. The facts of the case are stated in the opinion. Verdict and judgment for the plaintiff for $140, and the defendant appealed.

Mr. J. S. BAILEY, and Mr. C. M. OSBORN, for the appellant.

Messrs. WARREN & VAIL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The evidence shows appellant's road was not open for use six months prior to the date of killing the stock, and if the company is liable at all it must be on account of the negligence of the agents and servants in charge of the train.

In the *C. and N. W. R. R. Co.* v. *Barrie*, 55 Ill. 226, it was said, "the law requires evidence beyond proof of the killing of stock on the road by the engine and carriages of the company, to create a liability for the death of the stock. There must be proof of negligence on the part of the agents and servants of the company in charge of the train at the time. The party alleging negligence, takes upon himself the burden of making such proof." The principles of that case are conclusive of the one at bar.

It was incumbent on appellee to show negligence on the part of the servants of the company. This, he has not done. No one saw the killing. Whether the accident occurred in daylight or at night, does not appear. The manner of the killing is not described by any witness. The only facts relied on to charge the company, other than the killing itself, are that tracks, supposed to have been made by the mule, were discovered on the road bed for a distance of a hundred and fifty yards from where it was struck, and leading in the same direction, and the tracks indicated the mule had been running. The evidence affords no explanation as to when the tracks were made, whether as the train was advancing, or at a time anterior. There is not a fact or circumstance proven, that shows or even tends to show, the engineer saw, or, by the exercise of reasonable diligence, could have seen the mule in time to stop or even slacken the speed of the train so as to have avoided the accident.

This is not a case presenting a conflict of evidence. It is simply a total want of evidence to support the verdict.

The circuit court ought to have awarded a new trial, and for this error the judgment is reversed and the cause remanded.

*Judgment reversed.*