| 72   537
| 159   102

# ILLINOIS CENTRAL RAILROAD COMPANY

## *v.*

## JOHN S. BULL.

RAILROAD COMPANY—*only liable for stock killed in cities where negligence is shown.* Where stock is killed by a railroad company at a place where the law does not require the company to fence its road, the party seeking a recovery must prove that the killing of the stock was caused through the negligence of the company; and where the proof shows that the stock was killed within the limits of a city, and there is no evidence of negligence on the part of the railroad company, no recovery can be had against it.

APPEAL from the Circuit Court of Perry county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. GEORGE W. WALL, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This action was brought to recover the value of a horse killed on the track of appellant.

By agreement, a jury was waived, and the cause submitted to the court for trial. Upon hearing the evidence, the court rendered judgment in favor of appellee for $100, the value of the horse.

The proof does not show any carelessness or negligence on the part of the railroad company at the time the horse was killed.

Where stock is killed by a railroad company at a place where the statute requires the road to be fenced, and where it has not been fenced, or the fence, although built, has not been kept in proper repair, the railroad company will be liable for all damages sustained by the killing of stock, regardless of whether the stock was killed through the negligence of the company or not. Where, however, stock is killed within the limits of an incorporated town or city, or place where the law does not require the company to fence the road, then a different rule prevails, and, before a recovery can be had, the party seeking a recovery must prove the killing of the stock was caused through the negligence of the railroad company. *Ohio and Mississippi Railroad Co. v. Brown,* 23 Ill. 95.

The proof clearly shows that appellee's horse was killed within the limits of the city of Du Quoin, an incorporated city of 3000 inhabitants. It follows, then, that appellee, having failed to make a case according to the rule here announced, was not entitled to recover under the evidence introduced before the court.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*