## The Peoria, Decatur and Evansville Railroad Company.
### v.
## Mary A. Dugan.

1. RAILROADS—KILLING STOCK—LIABILITY.—Where stock is damaged by a passing train at a place where the railroad company is not bound to fence its track, the liability is the same as if no statute existed upon the subject, and the company is not liable unless it is shown, that the injury resulted from a want of ordinary care on the part of the servants of the company.

2. CARE REQUIRED OF COMPANY.—If a person suffers his stock to run loose in a field through which an unfenced railroad track passes, he can only require of such company the exercise of ordinary care and prudence in respect to protection for such stock.

APPEAL from the Circuit Court of Moultrie county; the Hon. C. B. Smith, Judge, presiding. Opinion filed January 17, 1882.

Messrs. Eden & Clark, for appellant; that appellee was guilty of negligence, in permitting the animal to run at large at a place where it could get on the track, and where the appellant was not bound to fence, cited Ill. Cent. R. R. Co. v. Phelps, 29 Ill. 447; C. B. & Q. R. R. Co. v. Cauffman, 28 Ill. 513.

Appellant is not liable unless guilty of gross negligence: E. St. L. P. & P. Co. v. Hightower, 92 Ill. 139; C. & N. W. R. R. Co. v. Dimick, 96 Ill. 42; Stratton v. Cent. City R'y Co., 95 Ill. 25.

Messrs. Palmer, Robinson & Shutt, for appellee; that railroad companies are liable for stock killed, where the injury

results from want of ordinary care, cited Ill. Cent. R'y Co. v. Middlesworth, 46 Ill. 494; C. & A. R. R. Co. v. Engle, 84 Ill. 397.

Negligence is a question of fact for the jury: G. W. R'y Co. v. Haworth, 39 Ill. 346; C. & A. R. R. Co. v. Pennell, 94 Ill. 448; I. & St. L. R'y Co. v. Evans, 88 Ill. 63.

McCulloch, J.   Appellee sued appellant for the value of a cow and a mare alleged to have been killed on appellant's track through the negligence of its servants.   The cow was killed at a place where appellant had failed to fence its track as required by law.   No question is made as to appellee's right to recover her value.   But the amount of damages assessed by the jury clearly indicates that they found for appellee the value of the mare also.

Appellee was the owner of eighty acres of land under fence and in cultivation, through the middle of which runs the boundary line of the village of Dalton.   The mare was running loose in this field in the night time when she was struck by one of appellant's engines in that portion of the field which lies within the village.   The engine had been detached from the train and had run ahead some distance for supply of water, and was backing slowly up through this field to rejoin the train. A lantern was hung over the rear of the tender; the fireman had been on the lookout, but was at the time replenishing his fire, the engineer in the meantime keeping as good a lookout as was possible from his position on the engine.   The night was dark and misty, and the animal was not seen until after she had been struck.

Where stock is damaged by a passing train at a place where the company is not bound to fence, the case is the same as if no statute existed upon the subject.   R. R. I. & St. L. R. R. Co. v. Connell, 71 Ill. 217.   And no recovery can be had, unless it is shown to have been the result of a want of ordinary care.   C. & N. W. R. R. Co. v. Barrie, 55 Ill. 226; R. R. & St. L. v. Connell, 67 Ill. 216; P. P. & J. R. R. Co. v. Barton, 80 Ill. 72; I. C. R. R. Co. v. Bull, 72 Ill. 537.

If a person voluntarily exposes his property to the dangers

incident to the operation of railroads, he must take some of the risks attending the same. C. & A. R. R. v. Pennell, 94 Ill. 448. If he suffers his animals to run loose on a dark night in a field through which an unfenced railroad passes, he can not ask the railroad company to insure him against loss, or even to exercise a very high degree of care for their protection, unless its servants have knowledge of their exposed condition.

Ordinary care and prudence is all that can be required in such cases. Thompson on Negligence, Vol. I, 495.

There is no evidence that appellant's servants had any knowledge that appellee's stock were at large in this field, much less that the mare in question was on the track. There is no evidence of the want of at least ordinary care and caution in the running of the engine, or that any duty was being neglected. We are therefore of the opinion that appellee has wholly failed to show a right of recovery for the killing of the mare, and for this reason the damages are excessive. The judgment of the court below will therefore be reversed and the cause remanded for a new trial.

