The Louisville, New Albany and Chicago Railway Co. v. Goodbar.

No. 11,972.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. GOODBAR.

RAILROAD.—*Animals.— Fencing.— Complaint.—Defect Cured by Verdict.*—In
a complaint against a railroad company to recover the value of stock
killed, it is necessary, to be good on demurrer, to aver that the railroad
was not fenced at the point where the animals entered; but where, in-
stead of such averment, it is alleged that the road was not fenced at the
point where the animals were killed, the defect is cured by verdict.

SAME.—*Private Gate.—Animals Entering Upon Track by.*—A railroad com-
pany is not liable to pay for animals that enter upon its track through
a gate maintained by the owner for his own accommodation.

From the Montgomery Circuit Court.

*A. D. Thomas*, for appellant.

*T. E. Ballard* and *M. E. Clodfelter*, for appellee.

ELLIOTT, J.—This action was instituted in the circuit court by the appellee to recover the value of fifteen sheep killed by a locomotive of the appellant.

There was no demurrer to the complaint, and the question for consideration is, whether it is sufficient upon objection made after verdict?

The only averment upon the subject of the failure to fence is this: "And at the point where said sheep were so injured and killed as aforesaid, said railroad was not securely fenced in, and such fence properly maintained by the defendant as required by law." Had a demurrer been addressed to the

complaint it would unquestionably have been held bad, for it is well settled that it is necessary to aver that the railroad was not fenced at the point where the animals entered. *Fort Wayne, etc., R. R. Co.* v. *Herbold*, 99 Ind. 91, auth. p. 92. But the question here is whether the defect in the complaint is healed by the verdict. There are many defects that a verdict will cure, and we think that the case of *Indianapolis, etc., R. R. Co.* v. *Petty*, 30 Ind. 261, requires it to be held that the verdict cures the defect in the complaint before us.

The sheep of the appellee were in a pasture adjoining the appellant's track, and entered upon it through a gate opening into the private crossing. The gate was left open by a boy who had passed through a short time before the sheep were killed. The appellee put up the gate and used it for his own accommodation. This evidence will not sustain a recovery. It would be unjust to compel a railroad company to pay for animals that entered upon its track through a gate maintained by the owner for his own accommodation. If the owner desires to use a private way, he, and not the railroad company, should see that the gate is kept shut. It would be unreasonable to require the railroad company to vigilantly watch all the gates along the line of its road, or else pay the owner of the animals for whose use the private way is maintained for all animals killed, but it is not unreasonable to put that burden on the owner who secures the privilege of constructing and using a private crossing. The duty of the railroad company to the public and to third persons is essentially different from that which it owes the person whom it permits to construct and maintain a private crossing for his own benefit, for to the public and third persons it owes a duty to maintain secure fences at private crossings. *Evansville, etc., R. R. Co.* v. *Mosier*, 101 Ind. 597; *Baltimore, etc., R. R. Co.* v. *Kreiger*, 90 Ind. 380; *Indianapolis, etc., R. R. Co.* v. *Thomas*, 84 Ind. 194; *Railroad Co.* v. *Cunnington*, 39 Ohio St. 327. The reason which supports that doctrine can not apply where the owner of animals sues for injury to them,

for it is his own act, performed for his own benefit, which makes the fence insecure. But it is unnecessary to further discuss this question, as it received full consideration in the case of *Bond* v. *Evansville, etc., R. R. Co.,* 100 Ind. 301, and in *Evansville, etc., R. R. Co.* v. *Mosier, supra.*

Judgment reversed.

Filed Sept. 25, 1885.

## On Petition for a Rehearing.

Elliott, J.—We have again carefully examined the evidence in this case and can find no reason for departing from our former opinion.

The burden is on the plaintiff in all cases of this character to prove that the animals entered at a point where the railroad company was bound to fence, and that at that point there was no fence. It is the place of entry that controls. As said in *Wabash, etc., R. W. Co.* v. *Tretts,* 96 Ind. 450: "The place of entry is the material question." This is the ruling in many cases. *Fort Wayne, etc., R. R. Co.* v. *Herbold,* 99 Ind. 91; *Lake Erie, etc., R. W. Co.* v. *Kneadle,* 94 Ind. 454; *Louisville, etc., R. W. Co.* v. *Quade,* 91 Ind. 295; *Louisville, etc., R. W. Co.* v. *Overman,* 88 Ind. 115; *Jeffersonville, etc., R. W. Co.* v. *Lyon,* 72 Ind. 107; *Toledo, etc., R. R. Co.* v. *Howell,* 38 Ind. 447. These cases declare that if the place where the animals entered was one which the railroad company was bound to fence, and the place was not fenced, the company is liable, although the place where the animals were killed was securely fenced, but, if the animals entered at a point where the railroad company was not bound to fence, the company is not liable, although the animals were killed at a place where there was no fence. The evidence before us brings the case within this firmly settled rule, for it shows that the animals went upon the railroad at a place where the company was not bound to fence. There is no evidence that the railroad company undertook to maintain gates for the convenience of the appellee, and it plainly appears that it

was through the gates maintained by him for his own convenience that the animals entered upon the track.

Petition overruled.

Filed Nov. 4, 1885.