Filed April 16, 1891.

---

No. 82.

## The Louisville, New Albany and Chicago Railway Company v. Thomas.

RAILROAD.—*Farm-Crossing.—Gate Erected at.—Killing Stock.—Liability for.*—Under the acts of April 8th and 13th, 1885, where a gate is erected at a farm crossing by a railroad company for the convenience of an adjacent land-owner, or is erected by the adjacent land-owner with the consent of the company, the company is not liable, in the absence of negligence, for the injury or killing of animals belonging to such land-owner or other persons, which enter upon the track through such gate.

SAME.—*Verdict.—Ambiguity.—Venire de Novo.*—The law, as stated, is applicable only to gates erected at farm crossings, and where the verdict is ambiguous and uncertain as to whether there was a farm crossing for the

convenience of the adjacent owner at the place where the gate was erected, and through which the animals entered, a motion for a *venire de novo* should be sustained.

From the Lawrence Circuit Court.

*C. C. Matson* and *E. C. Field,* for appellant.

*M. Matthews,* for appellee.

NEW, J.— This action was commenced in a justice's court, in Monroe county, by John N. Thomas, the appellee, to recover damages from the appellant for the killing of appellee's mule, on the track of the appellant in said county. An appeal was taken to the circuit court of that county, and from there, upon application for change of venue, the case was sent to the Lawrence Circuit Court.

The complaint, after being amended in the circuit court, was, in substance, that which is in use in this State in actions to recover for stock killed by a railway company because of the railroad not being securely fenced at the place where the stock entered upon the same.

The cause was tried by a jury, who returned a special verdict, at the request of the appellant, as follows :

" 1.    We find that, on the 16th day of June, 1888, the defendant was a corporation, operating a line of railway through the county of Monroe, in the State of Indiana.

" 2.    We find that on the 16th day of June, 1888, John N. Thomas, the plaintiff, was the owner of one dapple gray mare mule, of the value of $150 ; that said mule escaped from the farm of said plaintiff on the 15th day of June, 1888, to the public highway leading to the town of Ellettsville, in said Monroe county.

" 3.    We find that on the 16th day of June, 1888, the said mule, at the county of Monroe, in the State of Indiana, wandered upon the track of the defendant railroad company, and was then and there, by the cars and locomotive then and there by the defendant railway company and its employees,

operated upon its said line of railway, run against and over and thereby injured and killed.

" 4. We find that said mule entered upon the track of said railway company through a defective gate erected by said railway company, in the fence enclosing its track, for the convenience and accommodation of one Harris, an adjacent land-owner, said gate having been left unlocked and open.

" 5. We find that the place where said mule entered upon the track of the defendant railway company, the said track was not securely fenced in."

Motions were then made by the appellant as follows, each being overruled by the court and exceptions taken to each ruling :

1. For judgment in its favor on the special verdict of the jury.

2. For a *venire de novo*.

3. For a new trial.

4. In arrest of judgment.

Judgment was then rendered for the appellee on the special verdict for one hundred and fifty dollars and costs.

Of the errors which are assigned by the appellant, it will not be necessary that we notice any except the first, to wit: That the court erred in overruling the appellant's motion for a *venire de novo*.

It is clear from the facts found by the special verdict, that the mule entered upon the railway track through a gate which had been erected by the appellant, in a fence inclosing its track, for the convenience and accommodation of Harris, an adjacent land-owner

It is also clear that, although in the special verdict the gate is characterized as " defective," the mule entered upon the track through the gateway because the gate had been left unlocked and open.

The liability of the appellant depends upon the construc-

tion which should be given to the acts of April 8th and 13th, 1885 (Elliott's Supp., pp. 326 and 327).

These acts, as affecting the questions arising in this case, were construed by the Supreme Court of this State in the cases of *Hunt* v. *Lake Shore, etc., R. W. Co.*, 112 Ind. 69, and *Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 112 Ind. 93.

The construction adopted by the court in that case is, we think, correct, and evidently was the result of a most careful consideration. As shown by the opinions in those cases, the law at the time of the passage of said acts of 1885, as then declared by the Supreme Court, was, that while railway companies were not liable for the injury or killing of animals of adjoining land-owners, for whose convenience farm crossings and gates were constructed, where the animals passed to the track through such gates, which such land-owner failed to keep closed, they were liable to other persons whose animals might pass through such open gates to the track and be there injured or killed. *Indianapolis, etc., R. W. Co.* v. *Thomas*, 84 Ind. 194; *Bond* v. *Evansville, etc., R. R. Co.*, 100 Ind. 301; *Evansville, etc., R. R. Co.* v. *Mosier*, 101 Ind. 597; *Louisville, etc., R. W. Co.* v. *Goodbar*, 102 Ind. 596; *Wabash R. W. Co.* v. *Williamson*, 104 Ind. 154.

Such was the state of the law as to the liability of railway companies for stock killed in cases like the one at bar at the time of the passage of the acts of 1885.

To allow private crossings and gates for the accommodation of adjoining land-owners seemed to be a reasonable demand upon railroads, if not a necessity, and, therefore, it was held that in such cases railway companies ought not to be liable for the injury or killing of animals of adjoining land-owners, for whose convenience private crossings and gates were constructed, where the animals passed to the track through such gates which such land-owners failed to keep closed. But, as to all other persons, whose stock might pass

through such gates to the railway track, and there be injured or killed, a different rule was applied, as we have seen.

This was claimed to be an inconsistent and harsh rule against railway companies.

That the Legislature, by the acts of 1885, intended to make some change in the law as it was held to be at the time of the passage of those acts, can not be doubted, otherwise, as is well said in the case of *Hunt* v. *Lake Shore, etc., R. W. Co.,* *supra*, it would be convicted of the folly of enacting what was the law already.

The court, as we understand that case, held that in the absence of negligence, railway companies are not liable for the injury or killing of animals which enter upon their tracks through gates at farm crossings, whether such gates and crossings were constructed before or since the acts of 1885; whether the stock injured or killed belonged to the adjacent land-owner, and from his lands passed through such gates to the railway track, or whether the stock belonged to other persons, finding its way upon the lands of the adjacent land-owner, and from thence through such gate to the railway track. Nor will it matter whether such gates at farm crossings were constructed by the railway company for the convenience of the adjacent land-owner, or by the land-owner himself, at a farm crossing, with the consent of the railway company, for the convenience of such land-owner.

As we construe the acts of 1885, it is only at farm crossings that gates may be erected to which the law as above stated will apply.

The finding of the jury is uncertain and ambiguous as to whether there was a farm crossing for the convenience and accommodation of Harris at the point where they find the gate to have been erected by the railway company for the convenience and accommodation of said Harris. We think, therefore, that the motion for a *venire de novo* should have been sustained.

Judgment reversed, with costs, with instructions to the court below to sustain the appellant's motion for a *venire de novo.*

