[Decided at PENDLETON July 31, 1897.]

EATON v. McNEILL.

(49 Pac. 875.)

RAILROADS—FENCES—INJURY TO STOCK.—If stock enter upon a railway at a point where the statute requires the road to be fenced, and are injured by a moving train, the company will be liable in damages, regardless of whether it was negligent; but if stock enter on the right of way at a place where the company is not bound to fence, and are injured, negligence must be shown to justify a recovery: *Moses v. Southern Pacific Railroad Company*, 18 Or. 385, approved.

From Union: STEPHEN A. LOWELL, JUDGE.

This is an action by A. E. Eaton against Edwin McNeill, as receiver of the Oregon Railway and Navigation Company, to recover damages for the loss of certain stock claimed to have been killed and injured by moving trains of the defendant, and for other injuries to property. The complaint contains seven counts, but, as the assignments of error relate to the

second cause of action alone, no further reference need be made to the others. After alleging the incorporation of the railroad company, the appointment of the defendant as receiver, the ownership by plaintiff of certain horses and mares, the complaint, for a second cause of action, avers that the animals in question, without the fault of the plaintiff, strayed upon the track of the railroad operated by the defendant at a point about one-fourth of a mile northwest of the Union depot in Union County, and were killed and injured through the negligence and carelessness of defendant's agents and servants in the operation and management of his locomotives and cars, to plaintiff's damage in the sum of $210 in aggregate, and that the track and grounds of the railroad at the point where the animals were killed and injured were not fenced as required by law. A demurrer to this cause of action on the ground that it did not state facts sufficient to constitute a cause of action being overruled, the defendant answered, denying the allegations thereof, and alleging affirmatively that the animals in question entered upon the track and grounds of the railroad at the depot or station grounds of Union station. A reply being filed, a trial was had, resulting in a verdict in favor of plaintiff for the sum of $85 upon this cause of action, and defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Cox, Cotton, Teal & Minor, Joel M. Long* and *Thos. W. Crawford*, with an oral argument by *Messrs. Long* and *Crawford*.

*31 Or.—9.*

For respondent there was a brief and an oral argument by *Messrs. J. M. Carroll* and *T. H. Marsh.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

The record contains numerous assignments of error, but the only question we deem it necessary to consider is as to whether the evidence is sufficient to support the verdict. This question arises out of defendant's motion for nonsuit, as well as his motion for a verdict by direction of the court. The facts, as disclosed by the testimony, are that the track of the railroad operated by defendant runs east and west at Union station, and that there is a fence and cattle guard along the west line of the depot grounds. West of this line the track passes through the farm of Shaw, and is fenced on both sides as required by law. On the morning of the second of May, 1895, some horses belonging to the plaintiff were found within the inclosed right of way a short distance west of the cattle guard, with their legs broken and otherwise badly injured; but there was no evidence whatever upon the part of the plaintiff as to how they got there, unless it is to be inferred from the testimony of the witness Shaw, who says that the fence inclosing the track was down near where the injured animals were found. But the failure to keep the fence in repair is not charged as a ground of negligence in the complaint; nor is there any evidence tending to show that the stock entered at that point, or that the condition of the fence was due to the negligence of the defendant, or was the proximate cause of the injury. On the con-

trary, the evidence for the plaintiff is to the effect that, about three o'clock of the day before the injury, the animals in question were driven by the witness Shaw from near his place to a point about one mile east of the depot, on the public highway leading from the town of Union to the station, and, in returning from that point to the place where they were found injured, they would necessarily be compelled to pass the station; that blood and hair were found on the cattle guard west of the depot, and along the track to the place where the injured animals were found, thus clearly indicating that, on their return from the place where Shaw left them, they had probably become frightened at an approaching train, and ran down the track from the depot grounds across the cattle guard, and into a bridge, and in so doing had been injured. There can be no other reasonable inference drawn from the plaintiff's testimony. It is conclusively shown to have been the fact by the uncontradicted and unimpeached testimony of the trainmen called by the defendant, who testified that at two o'clock in the morning, as the train approached Union station from the east, they discovered a band of horses on the track a short distance from the station building, and between it and the switch west thereof; that the animals became frightened at the approach of the train, and ran west along the track, scrambling through the cattle guard, and passed out of sight; that they stopped the train, and, upon again moving forward, proceeded cautiously, keeping a sharp lookout; that a short distance west of the cattle guard they found four of the animals in a bridge, and that they again stopped the

train and helped them out. This is all the evidence given by either party showing how the animals came to be injured, and upon these facts the question of liability depends.

No right of recovery is claimed on account of the negligence of the agents or servants of defendant in the operation and management of trains, but it is predicated wholly on the absence of a fence as required by statute; and we are clearly of the opinion that no recovery can be had on that account, because it appears that the animals went upon the track at a point where the defendant was not required to fence. The rule is unquestioned that if the stock enter upon a railway at a point where the statute requires the road to be fenced, and are injured or killed by a moving train, the railroad company will be liable in damages, whether it occurred through the negligence of the company or not; but, if they enter at a place where the law does not require the company to fence, a different rule prevails, and before a recovery can be had the plaintiff must prove that the killing was caused by the negligence of the defendant: *Moses* v. *Southern Pacific Railroad Company*, 18 Or. 385 (23 Pac. 498); *Railroad Company* v. *Bull*, 72 Ill. 537; *Louisville, etc., Railway Company* v. *Goodbar*, 102 Ind. 596 (2 N. E. 337,* and 3 N. E. 162); *Bremmer* v. *Green Bay, etc., Railroad Company*, 61 Wis. 114 (20 N. W. 687); *Peters* v. *Stewart*, 72 Wis. 133 (39 N. W. 380); *Baldwin* v. *St. Louis, etc., Railway Company*, 63 Iowa, 210 (18 N. W. 884); 3

---

*Note.—With the report of this case in 2 N. E. 337, is a note collecting and classifying a large number of authorities on the liability of railroads for injuries to animals, where the road is not fenced.—Reporter.

Wood's Railway Law, par. 419.   In *Louisville, etc., Railway Company* v. *Goodbar*, 102 Ind. 596 (2 N. E. 337, and 3 N. E. 162), Mr. Justice ELLIOTT says that "it is the place of entry that controls." As said in *Railway Company* v. *Tretts*, 96 Ind. 450: "The place of entry is the material question. This is the ruling in many cases. [Citing a number of cases.] These cases declare that if the place where the animals entered was one which the railroad company was bound to fence, and the place was not fenced, the company is liable, although the place where the animals were killed was securely fenced; but, if the animals entered at a point where the railroad company was not bound to fence, the company is not liable, although the animals were killed at a place where there was no fence." The evidence of the case at bar brings it clearly within this rule.   Under the statutes and decisions of this state, a railway company is not required to fence its depot grounds or railway tracks therein: *Moses* v. *Southern Pacific Railroad Company*, 18 Or. 385 (23 Pac. 498). And the evidence is clear that the animals went upon the track from the depot grounds, and, this being so, their injuries were in no way attributable to the absence of a fence required by the statute.

It was contended to some extent on the trial that the railroad company had included in its depot grounds more land than it lawfully had a right to do; but this question is wholly immaterial in this case, because the undisputed evidence shows that the animals went upon the track at a point between the station building and the west switch, and there is no suggestion that such point is not within the depot

grounds, whether their proper limit is a question of law or fact. It follows that the judgment of the court below must be reversed, and the cause remanded with directions to enter nonsuit in favor of the defendant as to the second cause of action set up in the complaint, and to render judgment accordingly.

REVERSED.