## ATLAS TRANSFER COMPANY
### *v.*
## PORTO RICO RAILWAY, LIGHT, & POWER COMPANY.

---

San Juan, Law, No. 927.

COLLISION OF TRUCK AND STREET CAR.

Crossings—Suburban Car.

1. The rule as to care as to suburban railways in private crossings is the same as that which applies to railroads.

---

NOTE.—For cases on the care required of driver of automobile at railroad crossing, see notes in 21 L.R.A.(N.S.) 794; 29 L.R.A.(N.S.) 924, and 46

Atlas Transfer Co. v. Porto Rico R. L. & P. Co.

Contributory Negligence.

2. It is negligence for a truck to become stalled while crossing a railroad track by reason of its hood striking an overhanging sign.

Negligence—Last Clear Chance.

3. It is the duty of the motorman to watch the track so as to avoid inflicting unnecessary injury, but less care is required where the street railroad runs alongside of and separate from the highway than when it is part of the street. The doctrine of last clear chance does not apply unless supported by a preponderance of evidence.

Opinion filed May 9, 1914.

*Mr. N. B. K. Pettingill* for the plaintiff.

*Mr. J. Henri Brown* for the defendant.

HAMILTON, Judge, delivered the following opinion:

There does not seem to be much dispute about the main facts of this case, which by consent was heard by the court without a jury. On December 27, 1911, about 8 o'clock P. M., a car of the defendant ran into a truck of the plaintiff which had become stalled on the track. This occurred at a place called Stop 27½ outside the limits of any town. This was not a regular stopping place, but in the nature of a flag station. The truck was taking a load of cocoanuts from San Juan to a factory lying on the farther side of the railroad track, and became stalled from not being able to pass under a sign placed across the en-

L.R.A.(N.S.) 702. The origin, function, and mode of operation of the doctrine of last clear chance is discussed in note in 55 L.R.A. 418, and as to the doctrine of last clear chance as affected by question whether negligence of plaintiff and of defendant was concurrent, see notes in 7 L.R.A. (N.S.) 132, 152; 17 L.R.A.(N.S.) 707; 19 L.R.A.(N.S.) 446, and references; 27 L.R.A.(N.S.) 379, and 36 L.R.A.(N.S.) 957.

VII. Porto Rico—4.

trance at the side of the track. The crew of the truck devoted themselves to trying to lower the hood so as to disengage the truck, but made no effort to warn the trolley cars which might be approaching. Before the truck was disengaged, a car from Rio Piedras came along and struck it with great force, carrying it to one side and injuring both truck and car.

1. This was a crossing which the trolley company was not bound to respect so far as slowing up, unless a passenger flagged the car. It was further a private crossing. It was neither required nor utilized for any public purpose. Wabash R. Co. v. Williamson, 104 Ind. 154, 3 N. E. 814; Elliott, Railroads, § 1136. The rule as to care required of interurban railways is the same as that which applies to railroads proper.

2. The first question to be considered is as to whether the plaintiff contributed to its own injury. It would seem from the evidence that it was negligence for the truck to be where it was. It may very well be that the driver did not know about the sign over the entrance, but it was the business of the plaintiff to know that the sign was there, or to approach only by daylight if it did not know the location. There is no evidence that it was raining and certainly the sun was not shining, and there was no reason for having the hood up. It is in evidence that this hood was on hinges and could be turned back. Crossing a railroad track is always accompanied by more or less danger, and to attempt to do so by night and at a crossing where it is possible that there might be obstruction to a high truck is certainly negligence.

The situation is intensified by the fact that there was no evidence that the men on the truck did anything to warn approaching trolleys which they knew ran at frequent intervals.

Cabrera v. San Juan Light & Transit Co. 4 Porto Rico Fed. Rep. 60; Davids, Motor Vehicles, p. 171. So far as they thought of it, it would seem that they relied upon a lamp under the back end of the truck. There is some evidence, however, that this lamp did not throw a light to the left, that is, towards Rio Piedras, whence the car came, and that it is doubtful whether it was, burning at all after the collision between the truck and the sign. Upon the whole, therefore, it seems as if the plaintiff was guilty of negligence which contributed to the accident.

3. The plaintiff, however, maintains that, even if he was negligent, it was not strictly the proximate cause of the accident; that is, although the truck was negligently on the track, still the defendant ought to have seen it and to have avoided the accident under the doctrine of the last clear chance. Note in 55 L.R.A. p. 418.

It is no doubt the duty of motormen to keep a diligent lookout for persons using the street, and it is negligence not to do so. Birmingham R. Light & P. Co. v. Brantley, 141 Ala. 614, 37 So. 698. The motorman must give the track and street such attention as will enable him as far as practicable to know its condition, and to avoid the inflicting of unnecessary injury upon others. Booth, Street Railways, §§ 317 and 306. These authorities, however, relate mainly to accidents where the street railroad is operating, as is often the case, in a street, and where persons have the right to use the space between the rails as a part of the street. Great care should be exercised in such cases. Here, however, the street railroad was not a part of the highway or carretera, but ran alongside it, and the amount of care required of the motorman would be much less. He would still be required to use diligence to prevent accidents to others,

but his diligence would be less exacting than in the case of a railroad in a public street. This is not a case where the plaintiff was on a highway where he had a right to be, and where the defendant was bound to anticipate the possibility of his being. Baltimore & O. R. Co. v. Anderson, 29 C. C. A. 235, 56 U. S. App. 137, 85 Fed. 413. There is no reasonable question that the motorman did not see the truck. It would be inconceivable that he would run himself into certain injury and possible death in such a manner. The only question is, Ought he to have seen it? The defendant says that the night was dark, while, on the other hand, there is testimony that the moon was about the first quarter. The evidence as to the weather, however, is unsatisfactory, inasmuch as no showing is made as to the cloudiness of the night at this particular point.

Upon the whole, therefore, it is not clear from the evidence that the defendant was negligent. That being so, the plaintiff cannot invoke the doctrine of the last clear chance. The mind of the court would rest in doubt as to this important feature of the case, but, there being no doubt as to the plaintiff's negligence in the first instance, the result is that the plaintiff cannot be held to have established his case.

Judgment, therefore, is in favor of the defendant.